UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

    v.

ONVIA, INC., *et al.*,

    Defendants.

Case No. C06-1056RSL

ORDER GRANTING
MOTION TO AMEND

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") to amend its complaint and its answer to the counterclaim of defendant Responsive Management Systems ("RMS") to plead "lack of fortuity" and "known risk." (Dkt. #51). St. Paul argues that after it filed its complaint for declaratory relief, it learned through informal discovery that Onvia, its insured, had been sued for fax blasting before it sought and obtained "advertising injury" coverage from St. Paul. St. Paul seeks permission to amend its pleadings to assert that RMS, as Onvia's assignee, cannot recover for a loss that Onvia knew or anticipated would occur during the policy period.

For the reasons set forth below, the Court grants the motion to amend.

ORDER GRANTING
MOTION TO AMEND - 1

## II.  DISCUSSION

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits.  See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

After St. Paul filed its motion to amend, the Court granted its motion for summary judgment and held that St. Paul did not breach its duty to defend, indemnify or settle regarding the underlying litigation.  St. Paul asserts that even though its motion is now moot with respect to coverage issues, it is relevant to RMS's remaining claim for procedural bad faith.

RMS argues that St. Paul's motion should be denied because St. Paul is estopped from asserting the new affirmative defenses based on its failure to include them in its denial of coverage letters.  Estoppel may apply when an insured has suffered prejudice or when the insurer acted in bad faith by failing to raise all grounds for denial in its denial letter.  RMS's Opposition at p. 5 (citing Hayden v. Mutual of Enumclaw, 141 Wn.2d 55, 63 (2000)).  RMS has not shown that it has been prejudiced by the delay or that it will suffer prejudice if St. Paul is permitted to amend.  Furthermore, although it argues that St. Paul's failure to include the additional grounds for denial in its letters is evidence of bad faith, that issue is more appropriately raised and decided on a dispositive motion.

RMS also argues that St. Paul received documents in discovery on December 6, 2006 that showed that Onvia had been sued before for fax blasting.  RMS therefore asserts that St. Paul should have included the "known risk" and "lack of fortuity" defenses in its December 12, 2006 answer to RMS's counterclaims.  RMS has not shown that it was prejudiced by the delay. Furthermore, St. Paul's counsel briefly reviewed the documents on December 6, 2006 to select documents to copy, but did not receive the copies until December 11, 2006.  Declaration of

ORDER GRANTING
MOTION TO AMEND - 2

Daniel Syhre, (Dkt. #59) at ¶¶ 3, 6.  The documents relevant to this motion were part of a production that included over 7,000 pages.  The delay is not undue in light of those facts, the intervening holidays, and St. Paul's concurrent work on the pending cross motions for summary judgment.

### III.  CONCLUSION

For all of the foregoing reasons and after weighing the factors of bad faith, undue delay, prejudice to the opposing party, and the futility of amendment, the Court GRANTS St. Paul's motion to amend (Dkt. #51).  St. Paul may file an amended complaint and an amended answer to RMS's counterclaim within ten days of the date of this order.

DATED this 26th day of February, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO AMEND - 3