UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ONVIA, INC., *et al.*,<br><br>Defendants. | Case No. C06-1056RSL<br><br>ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM |

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") to strike a newly asserted counterclaim of defendant Responsive Management Systems ("RMS"). (Dkt. #76). St. Paul argues that RMS did not obtain the Court's permission to add the new counterclaim. In the alternative, St. Paul moves for the dismissal of the counterclaim pursuant to Rule 12(b)(6) arguing that RMS lacks standing to assert the counterclaim, RMS cannot show the requisite injury to allow it to seek injunctive relief on behalf of other consumers, and the injunctive relief sought is an impermissibly vague command to obey the law.

For the reasons set forth below, the Court grants the motion.

ORDER GRANTING MOTION
TO STRIKE COUNTERCLAIM - 1

## II.  DISCUSSION

The Court recently granted St. Paul's motion to amend its complaint to add the defenses of known loss and lack of fortuity.  In its answer to St. Paul's amended complaint, RMS added the following counterclaim for injunctive relief:

> 34.  Unless enjoined and ordered to cease its conduct, St. Paul will continue to handle its claims in violation of the Washington Consumer Protection Act and the Washington Insurance Claims Handling Regulations.

### **PRAYER FOR RELIEF**

> j.  Enjoining St. Paul from unfair and improper claims handling in violation of the Washington Consumer Protection Act and the Washington Insurance Claims Handling Regulations.

Federal Rule of Civil Procedure 12(f) provides that upon a timely motion or *sua sponte*, the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The rule regarding amendments to pleadings does not directly address this situation.  Instead, the rule provides only a time limit for pleading in response to an amended pleading.  As the parties note, no federal appellate court has addressed whether counterclaims filed in response to an amended pleading are permitted as of right or only with leave of court.  As one district court recently explained,

> Some district courts have "held that once a plaintiff amends a complaint, the defendant always has a right to amend to bring new counterclaims, without regard to the scope of the amendments," while others have "held that an amended counterclaim must be confined specifically to responses that are related to changes in the amended complaint." A more moderate view allows a party to file an amended response without leave "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint."

Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC, 464 F. Supp. 2d 481, 486 (D. Md. 2006) (citing and quoting Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446 (E.D. Va. 2005)).  The Court finds that the moderate approach is most appropriate in this case.  As the court noted in Elite Entm't, Inc., this approach is predominant in the caselaw and consistent with Rule 15's requirement that an amended pleading must "plead in response" to the amended pleading.  227 F.R.D. at 446-47 (citing 3 James W. Moore, *et al.*, Moore's Federal

ORDER GRANTING MOTION
TO STRIKE COUNTERCLAIM - 2

Practice § 15.17[6] (3d ed. 1997); see also E.E.O.C. v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation").

In this case, St. Paul's amendment added two new defenses related to its original claim for a declaratory judgment that it had no duty to defend or indemnify. However, it did not change the basic theory of the case. RMS's new counterclaim for injunctive relief is not related to St. Paul's new defenses, it seeks for the first time to regulate future conduct, and RMS could have asserted the claim for injunctive relief at any time during the litigation. Accordingly, RMS should have sought leave of Court to assert the new counterclaim, but it did not.

Having found that RMS was not entitled to add the new counterclaim as of right, the Court considers whether to grant it leave to do so. It would unduly waste time and resources to strike the counterclaim and require RMS to file a motion raising the same issues already before the Court. See, e.g., Akzenta, 464 F. Supp. 2d at 486 (finding that defendant should have sought leave to file its counterclaim, which was "not directly responsive to the changes in Akzenta's complaint" but granting leave to amend, *sua sponte*, to add the counterclaim).

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

In this case, St. Paul argues that the counterclaim should be dismissed or denied as futile because, among other reasons, RMS lacks Article III standing to pursue it. "'Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of

ORDER GRANTING MOTION
TO STRIKE COUNTERCLAIM - 3

injunctive relief, the plaintiff must demonstrate a *real or immediate threat* of an irreparable injury.'" Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (quoting Clark v. City of Lakewood, 259 F.3d 996, 1007 (9th Cir. 2001) (emphasis added in Hangarter). The Ninth Circuit, in Hangarter, found that the plaintiff lacked standing because she "currently has no contractual relationship with Defendants and therefore is not personally threatened by their conduct." Id. Similarly, RMS has no contractual relationship with St. Paul, has suffered no injury from it, and is not threatened by its conduct. RMS seeks to distinguish Hangarter and establish standing in two ways. First, it argues that this Court, exercising supplemental jurisdiction over state law claims, must apply state law. Hangarter, however, was also a diversity case based on state substantive law. The Ninth Circuit nevertheless held that "a plaintiff whose cause of action . . . is perfectly viable in state court may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing." Id. at 1022.

Second, RMS argues that it has standing because Onvia has an on-going contractual relationship with St. Paul, and Onvia has assigned its claims to RMS.[1] RMS argues that St. Paul's conduct poses a continuing threat unless enjoined. That threat, however, is to Onvia, not to RMS.[2] RMS has no interest in how St. Paul handles future claims. See, e.g., Connecticut v. Physicians Health Servs. of Conn., Inc., 287 F.3d 110, 115 (2nd Cir. 2002) (holding that the state, as an assignee of claims, "did not suffer an injury of a nature that would confer" Article III standing). Similarly, unlike the benefit of a monetary recovery, the benefit of an injunction

---

[1] Onvia, Inc. and Onvia.com were dismissed on March 7, 2007 by stipulation of the parties and order of the Court.

[2] RMS does not allege that Onvia has assigned to it claims for future, potential injuries that might occur and for which Onvia might seek recovery against St. Paul. Even if it had assigned such future claims, and even if those claims were sufficiently concrete to warrant an injunction, RMS still would not be able to show that it would be injured by St. Paul's future conduct.

ORDER GRANTING MOTION
TO STRIKE COUNTERCLAIM - 4

would not flow to RMS. Quite simply, RMS has no personal stake in the outcome of the claim for injunctive relief. Accordingly, RMS lacks standing to pursue its counterclaim for injunctive relief. Because the Court finds that RMS lacks standing to assert the counterclaim, it does not consider St. Paul's additional arguments to dismiss the claim.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the motion to strike the counterclaim (Dkt. #76).

DATED this 29th day of May, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO STRIKE COUNTERCLAIM - 5