UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

    v.

ONVIA, INC., *et al.*,

    Defendants.

Case No. C06-1056RSL

ORDER REGARDING
CERTIFICATION OF DEFENDANT'S
STATE LAW COUNTERCLAIM TO
THE SUPREME COURT OF
WASHINGTON

    This matter comes before the Court on a motion for partial summary judgment (Dkt. #68) filed by plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"). St. Paul seeks dismissal of Responsive Management Systems ("RMS")'s counterclaim for procedural bad faith and violation of Washington's Consumer Protection Act ("CPA").

    The Court granted St. Paul's previous motion for partial summary judgment, finding that St. Paul had no duty to defend or indemnify and dismissing counts 1 and 2 of RMS's counterclaim. All that remains in this case is RMS's counterclaim for common law procedural bad faith and for a violation of the CPA. RMS alleges that St. Paul committed bad faith by failing to acknowledge notice of the claim and tender of defense for approximately nine months after the claim was tendered in violation of WAC 284-30-330 and WAC 284-30-360; failing to

ORDER REGARDING CERTIFICATION - 1

conduct any investigation in violation of WAC 284-30-330 and WAC 284-30-370; and failing to regularly report developments to the insured in violation of WAC 284-30-330(2). RMS also alleges that St. Paul's violations of the Washington Administrative Code violate the CPA because pursuant to the CPA, a single violation of WAC 284-30-330 constitutes a violation of the CPA.

Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." Resolution of RMS's counterclaim turns on whether, under Washington law, a party may pursue a claim for procedural bad faith even though a court has ruled that the insurer did not owe the insured a duty to defend, settle, or indemnify. The Supreme Court of Washington has not addressed this issue. Although Washington appellate courts have addressed somewhat similar issues, the case law is not clear and is contradictory. Pursuant to the statute, the state's highest court should have an opportunity to consider the issue, and also whether a presumption of harm exists and the measure of damages if the claim is ultimately successful. Furthermore, there are good policy reasons for allowing the state supreme court, with ultimate authority over such issues, to decide the issues rather than a federal district court or the Ninth Circuit Court of Appeals reviewing this Court's decision.

For these reasons, the Court, having reviewed the memoranda and the record, is convinced that this matter should be certified to the Washington State Supreme Court for resolution of the above issues.

The parties shall, therefore, confer and draft the question or questions of law to be certified to the Washington State Supreme Court, along with a statement of stipulated facts and evidentiary record showing the nature of the case and the circumstances out of which the question(s) arose. The parties shall file their joint statement with the Court on or before Friday, June 22, 2007. For purposes of this exercise, plaintiff is designated as the appellant before the

ORDER REGARDING CERTIFICATION - 2

1  Supreme Court of Washington and defendant is the appellee.  If the Court makes any changes to
2  the parties' stipulated proposal, it will distribute the revised version for further comment before
3  certifying this matter to the State Supreme Court.  If the parties are unable to agree upon the
4  question(s) of law and/or a stipulated record, they may submit alternate proposals, not to exceed
5  five pages, for the Court's review no later than June 22, 2007.

7        DATED this 30th day of May, 2007.

                                                          _____
                                                          Robert S. Lasnik
                                                          United States District Judge

28  ORDER REGARDING CERTIFICATION - 3