UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

    v.

ONVIA, INC., *et al.*,

    Defendants.

Case No. C06-1056RSL

ORDER GRANTING MOTION FOR RULE 54(b) CERTIFICATION

This matter comes before the Court on a motion filed by defendant Responsive Management Systems ("RMS") for a Rule 54(b) certification of this Court's February 16, 2007 Order Regarding Cross Motions for Summary Judgment (Dkt. #57, the "Order"). The parties subsequently requested that the Court delay ruling on this motion until after the Court ruled on plaintiff's motion for summary judgment on RMS's remaining claims for procedural bad faith and a related violation of the Washington Consumer Protection Act (the "remaining claims"). The Court has done so, and has certified to the Washington State Supreme Court the issue of whether a party may pursue a claim for procedural bad faith even though a court has ruled that the insurer did not owe the insured a duty to defend, settle, or indemnify. This issue is now ripe for consideration.

The Supreme Court has outlined the steps a district court must follow in making

ORDER GRANTING MOTION
FOR RULE 54(b) CERTIFICATION - 1

determinations under Rule 54(b).  "A district court must first determine that it is dealing with a 'final judgment.'  It must be a . . . decision upon a cognizable claim for relief, and it must be . . . 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  In this case, the Court has made a final judgment regarding plaintiff's claim for a declaratory judgment and RMS's claims for contractual and bad faith breach of the duties to defend, indemnify, and settle.

After the district court has found finality, it must determine, in its sound judicial discretion, if there is any just reason for delay.  Curtiss-Wright, 446 U.S. at 8.  The district court must "take into account judicial administrative interests as well as the equities involved."  Id.  This inquiry is necessary in order to "preserve the historic federal policy against piecemeal appeals."  Sears, 351 U.S. at 438.  District courts should consider factors including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once."  Curtiss-Wright, 446 U.S. at 8.  In the Ninth Circuit, Rule 54(b) certification is proper if it will lead to an "expeditious decision" of the case.  Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991) (quoting Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987) ("The Rule 54(b) claims do not have to be separate from and independent of the remaining claims")).

After balancing the competing factors, this Court determines that there is no just reason for delay and the entry of a final judgment will advance the interests of sound judicial administration and justice to the litigants.  The remaining claims are limited.  Resolution of the issue certified to the Washington State Supreme Court could take in excess of a year.  This case will be stayed in the interim.  Meanwhile, there is no reason to delay the appeal of the other issues resolved in the Order, which are separable from the remaining issues.  The nature of the issues are such that no appellate court would have to consider the same issues twice.  Plaintiff

ORDER GRANTING MOTION
FOR RULE 54(b) CERTIFICATION - 2

stated that if the Court denied its motion for summary judgment on the remaining claims, it would not contest the entry of a Rule 54(b) judgment which "would streamline the proceedings and narrow the ultimate scope of the issues in this court." St. Paul's Response at p. 2. Entry of judgment under these circumstances would also accomplish those goals.

Finally, the Ninth Circuit's review of the Order will not be mooted by any subsequent decision on the remaining claims by this Court or the Washington State Supreme Court. In contrast, if the Ninth Circuit determined that this Court erred, it could render the issue certified to the Washington State Supreme Court moot, thus saving judicial resources.

For all of the foregoing reasons, the Court GRANTS RMS's motion for entry of final judgment (Dkt. #72) on its Order (Dkt. #57) on cross motions for partial summary judgment. The Clerk of Court is directed to issue a judgment consistent with the order on cross motions for partial summary judgment.

DATED this 30th day of May, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR RULE 54(b) CERTIFICATION - 3