1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

        Plaintiff,

     v.

ONVIA, INC., *et al.*,

        Defendants.

Case No.  C06-1056RSL

ORDER CERTIFYING ISSUES
TO THE SUPREME COURT OF
WASHINGTON

Having reviewed the motion for partial summary judgment filed by plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"), the response of defendant Responsive Management Systems ("RMS"), plaintiff's reply, and the record as a whole, the Court finds that the following questions should be certified to the Supreme Court of Washington:

     (1) Under Washington law, does an insured have a cause of action against its liability insurer for common law procedural bad faith for violation of the Washington Administrative Code and/or for violation of the Washington Consumer Protection Act, even though a court has held that the insurer had no contractual duty to defend, settle, or indemnify the insured?

     (2) If the answer to the first question is "yes," then:

          (a) Should the court require the insured to prove that the insurer's conduct caused actual harm, or should the court apply a presumption of harm? and

          (b) How should the insured's damages be measured?

ORDER - 1

The Clerk of the Court is directed to submit to the Supreme Court of Washington certified copies of (a) this Order, (b) the "Record for Purposes of Deciding Certified Issues" and the exhibits thereto, and (c) the docket in the above-captioned matter. The record so compiled contains all matters in the pending cause deemed material for consideration of the local law questions certified for answer.

Plaintiff's motion for partial summary judgment (Dkt. #68) is hereby STAYED until the Supreme Court of Washington answers the certified questions.

The plaintiff in this action is designated as the appellant and shall file the first memorandum before the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court. The Clerk of the Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington.

DATED this 9th day of July, 2007.

Robert S. Lasnik
United States District Judge

ORDER - 2

1

**RECORD FOR PURPOSES OF DECIDING THE CERTIFIED ISSUES**

2   The United States District Court, with the assistance of counsel, has prepared the

3   following "record" for purposes of deciding the certified issues.

4

5

**Statement of Facts**

6   Onvia, Inc. ("Onvia") is a for-profit corporation that sells a service called "DemandStar"

7   that provides businesses with notices of opportunities to bid for government contracts.  RMS is a

8   sole proprietorship operating in Washington.

9   On February 3, 2005, RMS served its class action complaint in <u>Responsive Management</u>

10  <u>Systems v. Onvia, Inc.</u>, King County Cause No. 05-2-04728-3SEA (the "underlying action").

11  The complaint alleged that Onvia engaged in "fax blasting," or the mass sending of unsolicited

12  advertisements via facsimile, in violation of the Telephone Consumer Protection Act of 1991

13  ("TCPA"), 47 U.S.C. § 227, the Washington Unsolicited Telefacsimile Act ("WUTA"), RCW

14  80.36.540, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq*.  The

15  complaint alleged that RMS received an unsolicited facsimile from Onvia.  RMS sought to

16  represent a nationwide class of persons who received an unsolicited advertisement from Onvia

17  during the statute of limitations period promoting Onvia's services.

18  Onvia had liability insurance issued by St. Paul.  On February 24, 2005, Onvia's

19  insurance broker allegedly tendered the underlying action to St. Paul by sending to St. Paul via

20  facsimile a copy of RMS's original complaint, a tender letter, and a "General Liability Notice of

21  Occurrence/Claim of the Underlying Lawsuit" form.  St. Paul states that it has no evidence in its

22  file that it received the February 2005 communication but there is evidence that the tender was

23  successfully transmitted by facsimile to St. Paul.  St. Paul did not respond to Onvia's tender

24  letter of February 24, 2005.  There is evidence that the February 24, 2005 letter was resubmitted

25  to St. Paul on August 5, 2005.  RMS filed a first amended complaint on September 14, 2005.  At

26  some point, the date of which is disputed, Onvia sent a copy of the first amended complaint to

27  St. Paul.

28  ORDER - 3

St. Paul sent a letter dated November 4, 2005 denying coverage and defense.  On December 15, 2005, Onvia's general counsel responded to St. Paul's letter, noting that there were earlier St. Paul policies that the November 4th letter did not discuss.  St. Paul reaffirmed its denial on March 24, 2006.

Between February 2005 and the conclusion of the underlying action, Onvia, represented by its own attorneys, defended itself in litigating the underlying action and in settlement negotiations.  While the motion for class certification was pending, Onvia and RMS entered into a settlement agreement in April 2006 whereby Onvia stipulated to class certification, entry of a judgment in favor of the class in the amount of $17.515 million, and an assignment of its rights against St. Paul to RMS.  In exchange, RMS agreed to execute the judgment only against St. Paul.  The King County Superior Court found the amount of the settlement reasonable, approved the settlement, and entered final judgment for the settlement amount at a November 17, 2006 final approval hearing.

St. Paul filed this action in this Court on July 26, 2006 alleging jurisdiction based on diversity of the parties.  St. Paul sought a declaratory judgment stating that it had no duty to defend or indemnify Onvia in the underlying action.  RMS asserted three counterclaims: (1) breach of the contractual duties to defend, indemnify, and settle; (2) bad faith breach of the duties to defend, indemnify, and settle; and (3) procedural bad faith and violation of the CPA related to St. Paul's handling of Onvia's claim.  Onvia was dismissed from this lawsuit by stipulation of the parties and order of the Court.

The parties cross moved for partial summary judgment on St. Paul's claims for declaratory relief and on RMS's first two counterclaims.  The Court granted St. Paul's motion and denied RMS's, holding that St. Paul had no duty to defend, indemnify, or settle the underlying action against Onvia and that St. Paul did not commit bad faith when it refused to defend Onvia.  After the Court's ruling, the only remaining claim was RMS's counterclaim for common law procedural bad faith and for a violation of the CPA.  In that claim, RMS alleges that St. Paul's claims handling violated a number of Washington insurance claims handling

ORDER - 4

regulations, which include but are not limited to, allegations that St. Paul committed bad faith by failing to acknowledge notice of the claim and tender of defense for approximately nine months after the claim was tendered in violation of WAC 284-30-330 and WAC 284-30-360; failing to conduct an investigation in violation of WAC 284-30-330 and WAC 284-30-370; and failing to regularly report developments to the insured in violation of WAC 284-30-330(2).  RMS alleges that St. Paul is liable for breach of the common law duty of good faith and for violations of the CPA.

St. Paul moved for summary judgment on RMS's remaining counterclaim, arguing that in the absence of a duty to defend, it could not be liable for any delay in processing Onvia's claim. St. Paul also argued that there were no facts that established that Onvia suffered any harm as a result of the alleged delay.

**Exhibits**

1.    Plaintiff's Complaint (Dkt. #1)

2.    Notice by Defendants of Expiration of Stay (Dkt. #18))

3.    Defendants' Answer and Counterclaims (Dkt. #19)

4.    Defendants' Motion for Partial Summary Judgment and supporting documents (Dkt. ## 20-23, 34)

5.    Plaintiff's Response to Defendants' Motion for Partial Summary Judgment (Dkt. #26)

6.    Plaintiff's Reply and Answer to Counterclaim (Dkt. #29)

7.    Defendant Onvia's Response to Motion for Partial Summary Judgment (Dkt. #33)

8.    Defendants' Reply in Support of Their Motion for Partial Summary Judgment (Dkt. #36)

9.    Plaintiff's Motion for Summary Judgment and supporting documents (Dkt. ##37, 38)

10.   Defendants' Response to Plaintiff's Motion for Summary Judgment and supporting documents (Dkt. ##39, 40)

11.   Plaintiff's Reply in Support of Its Motion for Partial Summary Judgment (Dkt. #41)

12.   Plaintiff's Supplement/Statement of Additional Authority in Support of Its Motion for

ORDER - 5

1    Summary Judgment (Dkt. ## 48, 49)

2    13.    Defendants' Statement of Additional Authority Regarding Cross Motions for Summary

3           Judgment (Dkt. #50)

4    14.    Order Regarding Cross Motions for Partial Summary Judgment (Dkt. #57)

5    15.    Order Granting Plaintiff's Motion to Amend Complaint (Dkt. #60)

6    16.    Defendants' Motion for Reconsideration of the Court's Order Regarding Cross Motions

7           for Summary Judgment (Dkt. #62)

8    17.    Amended Complaint for Declaratory Relief (Dkt. #64)

9    18.    Amendment to Answer to Counterclaim (Dkt. #65)

10   19.    Stipulation and Order Dismissing Onvia (Dkt. #66)

11   20.    Order Denying Defendant's Motion for Reconsideration (Dkt. #67)

12   21.    Plaintiff's Motion for Partial Summary Judgment Regarding RMS's Counterclaim Count

13          3 (Dkt. #68)

14   22.    Answer to Amended Complaint (Dkt. #69)

15   23.    Defendant's Response to Plaintiff's Motion to Dismiss RMS's Counterclaim Count 3

16          (Dkt. #78)

17   24.    Plaintiff's Reply in Support of Its Motion to Dismiss RMS's Counterclaim Count 3 (Dkt.

18          #81)

19   25.    Defendant's Notice of Supplemental Authority (Dkt. #84)

20   26.    Plaintiff's Response to Notice of Supplemental Authority (Dkt. #85)

21   27.    Order Granting Motion to Strike Counterclaim (Dkt. #86)

22   28.    Order Regarding Certification (Dkt. #87)

23   29.    Order Granting Motion for Rule 54(b) Certification (Dkt. #88)

24   30.    Judgment by the Court (Dkt. #89)

25   31.    Plaintiff's Status Memorandum Regarding Certification (Dkt. #90)

26   32.    Defendant's Status Memorandum Regarding Certification (Dkt. #91)

27

28   ORDER - 6